IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Michael Anthony Breyan, ) | Civil Action No. 1:20-1819-BHH |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER AND OPINION** |
| ) | |
| Anderson County General Sessions; ) | |
| Anderson County Law Enforcement; Anderson ) | |
| County Probation Center; Appeal Courts in ) | |
| Virginia; Attorney General Sessions; Bank of ) | |
| America; Broad River Correctional Institution; ) | |
| Charleston District Courts; District Court ) | |
| Columbia; Greenville County Courts; ) | |
| Greenville County Detention Center; ) | |
| Greenville County General Sessions; ) | |
| Greenville County Law Enforcement; ) | |
| Indianapolis, Indiana; Kershaw Department of ) | |
| Corrections; Kirkland R.N.E. Correctional ) | |
| Institution; Lee County Courts; Lee County ) | |
| Department of Corrections; Lee County ) | |
| General Sessions Court; Lieber Department of ) | |
| Corrections; McCormick Correctional ) | |
| Institution; Palmetto Bank; Perry Department ) | |
| of Corrections; Richland Police Department; ) | |
| SCDC Departments in Columbia; State ) | |
| Supreme Courts in Columbia; Turbeville ) | |
| Department of Corrections; Wells Fargo Bank; ) | |
| White House Staff; and Williamston, SC Police ) | |
| Department, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This matter is before the Court upon Plaintiff Michael Anthony Breyan's ("Plaintiff") pro se complaint, which alleges violations of his constitutional rights pursuant to 42 U.S.C. § 1983. In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(e), D.S.C., the matter was referred to a United States Magistrate Judge for preliminary review.

On May 22, 2020, the Magistrate Judge issued a proper form order giving Plaintiff until June 12, 2020, to pay the filing fee and complete the complaint form, summons form, and a Form USM-285 for each Defendant. (ECF No. 7.) The Magistrate Judge entered another order on May 22, 2020, giving the Plaintiff the opportunity to correct defects in his complaint. Plaintiff was warned that failure to cure the deficiencies could result in this action being dismissed without leave for amendment. (ECF No. 8.) Plaintiff failed to comply with either order.

On June 15, 2020, the Magistrate Judge issued a report and recommendation ("Report") recommending that this action be dismissed with prejudice for failure to comply with the court's proper form order and failure to file an amended complaint. (ECF No. 11 at 10.) Attached to the Magistrate Judge's Report was a notice advising Plaintiff of his right to file written objections to the Report within fourteen days of being served with a copy. (*Id.* at 11.) To date, no objections have been filed. Plaintiff did however file three letters on June 29, June 30, and July 15, 2020, which were nonsensical, difficult to read, and at times profane. (ECF Nos. 14, 16, and 18.)

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life*

*& Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

Here, because no objections were filed, the Court has reviewed the record, the applicable law, and the findings and recommendations of the Magistrate Judge for clear error. Finding none, the Court ADOPTS the Magistrate Judge's Report (ECF No. 11) and DISMISSES this action, *with prejudice*, in accordance with Rule 41(b) of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED.**

/s/Bruce Howe Hendricks  
United States District Judge

July 21, 2020  
Charleston, South Carolina